RECEIPT # _____
AMOUNT $ 350.00
SUMMONS ISSUED Y
LOCAL RULE 4.1 ___
WAIVER FORM ___
MCF ISSUED ___
BY DPTY. CLK _____
DATE 10/20/2006

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FILED
CLERKS OFFICE

2006 OCT 20  A 2:48

U.S. DISTRICT COURT
DISTRICT OF MASS.

|  |  |
|---|---|
| PATRICIA MORRIS, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>NATIONAL ENTERPRISE )<br>SYSTEMS, INC., JOHN DOE # 1, and )<br>JOHN DOE # 2 )<br>Defendants. )<br>_____ ) | Civil Action No.<br>06 CA 11920 RGS<br><br>MAGISTRATE JUDGE Collings |

## COMPLAINT

### INTRODUCTION

The plaintiff, Patricia Morris, brings this action under the Fair Debt Collection Practices Act ("FDCPA") against the debt collectors National Enterprise Systems, Inc. and its individual employee collectors for, among other things, using false statements and threats in connection with the collection of a debt. The plaintiff brings this action for actual and statutory damages against the defendants.

### PARTIES

1.  Plaintiff Patricia Morris is an individual consumer residing in Milton, Massachusetts.

2.  Defendant National Enterprise Systems, Inc. ("NES") is a foreign corporation organized under the laws of the State of Ohio with a principal place of business at 29125 Solon Road, Solon, OH 44146. NES has a Massachusetts place of business at 800 West Cummings Park, Woburn, MA 01801 and a registered agent and Massachusetts office at 15 Union Street, Building Six, Lawrence, MA 01840. NES is engaged in trade or

1

commerce and is engaged in business which has as its principal purpose the collection of debts. It regularly attempts to collect debts due to or originated by others and uses the mail and telephones to collect debts. NES is a debt collector as defined by 15 U.S.C. § 1692a(6).

3. On information and belief, Defendant John Doe #1 is an individual collector employed by NES. On information and belief, Mr. Doe regularly attempts to collect debts due to or originated by others and uses the mail and telephones to collect debts, and is a debt collector as defined by 15 U.S.C. § 1692a(6).

4. On information and belief, Defendant John Doe #2 is an individual collector employed by NES. On information and belief, Mr. Doe regularly attempts to collect debts due to or originated by others and uses the mail and telephones to collect debts, and is a debt collector as defined by 15 U.S.C. § 1692a(6).

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the subject matter of this case pursuant to 15 U.S.C. § 1692k and 28 U.S.C. § 1337. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

6. Venue in this district is proper as Ms. Morris resides in this district and the events giving rise to this action occurred here.

## FACTUAL ALLEGATIONS

7. At all times relevant hereto, the defendant was attempting to collect an alleged debt from the plaintiff (hereinafter "debt").

8. The debt was incurred by the plaintiff for personal, family, or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

9. In August 2006, John Doe #1, an employee of NES identifying himself as "Mr. Banks" telephoned the plaintiff at her place of employment.

10. When Mr. Banks made the telephone call he was acting within the scope of his employment.

11. Mr. Banks left the plaintiff a voice mail message.

12. The plaintiff returned Mr. Banks' call on or about August 15, 2006 and had a conversation with him.

13. Mr. Banks began the conversation by telling the plaintiff that he was attempted to collect a Sears debt and that a complaint that had been filed against the plaintiff for an attempt to defraud a financial institution.

14. The defendants had not filed a complaint against the plaintiff for an attempt to defraud a financial institution and knew of no such complaint.

15. The plaintiff had not attempted to defraud a financial institution. In fact, after experiencing financial hardship brought on by divorce, the plaintiff had attempted to agree on a reasonable payment schedule with the defendants but was rebuffed.

16. The plaintiff then spoke with John Doe #2, an employee of NES identifying himself as "Donald King".

17. When Mr. King spoke to the plaintiff he was acting within the scope of his employment.

18. Mr. King told the plaintiff that NES was going to garnish her wages.

19. On information and belief, NES threatened this action when it could not legally be taken or was not intended to be taken.

20. The plaintiff communicated to the defendants that it was not convenient for her to discuss the matter at her place of employment.

21. The defendants knew or should have known that it was not convenient for the plaintiff to receive their calls at her place of employment.

22. After the conversation, the defendants called the plaintiff at her place of employment with harassing and unreasonable frequency.

23. The defendants also left voice mail messages for the plaintiff's co-workers, purportedly in attempts to reach the plaintiff but actually to intimidate and embarrass the plaintiff.

24. As a result of the defendants actions, the plaintiff has suffered an invasion of privacy, substantial embarrassment, emotional distress, and other damages.

## CLAIM FOR RELIEF

### Count I

### Violation of the Fair Debt Collection Practices Act

25. Plaintiff incorporates and realleges the foregoing paragraphs.

26. The defendants made false, deceptive, and misleading statements in connection with the collection of a debt in violation of 15 U.S.C. §§ 1692e, 1692e(10).

27. The defendants threatened to take action that could not be legally taken or that was not intended to be taken in violation of 15 U.S.C. § 1692e(5).

28.     The defendants communicated, in connection with the collection of a debt, with third parties in violation of 15 U.S.C. § 1692c(b).

29.     The defendants communicated with the plaintiff at a place they knew or should have known was inconvenient for her in violation of 15 U.S.C. § 1692c(a)(1).

30.     The natural consequence of the defendants' conduct was to harass, oppress, or abuse the plaintiff in violation of 15 U.S.C. § 1692d.

31.     The defendants caused the plaintiff's telephone to ring repeatedly with intent to annoy, abuse, or harass her in violation of 15 U.S.C. § 1692d(5).

32.     Pursuant to 15 U.S.C. § 1692k, the plaintiff asks the Court to award her statutory damages of $1,000, actual damages, declaratory relief the defendants' conduct violated the FDCPA, reasonable attorney's fees, and the costs of this action.

WHEREFORE, the plaintiff, Patricia Morris, respectfully requests that this Court:

A. Enter judgment for the plaintiff against the defendant for actual damages pursuant to 15 U.S.C. § 1692k.

B. Enter judgment for the plaintiff against the defendant for statutory damages of $1,000 pursuant to 15 U.S.C. § 1692k.

C. Enter judgment Declaring the defendant's actions violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692c, 1692d, 1692e.

D. Award the plaintiff reasonable attorney's fees and the costs of this action pursuant to 15 U.S.C. § 1692k(a)(3).

E. Grant such other relief that the Court deems just.

## JURY DEMAND

The plaintiff demand a trial by jury on each count so triable.

Respectfully submitted, this 18th day of October, 2006.

PATRICIA MORRIS,
by her attorney,

Nicholas F. Ortiz, BBO# 655135
Law Office of Nicholas F. Ortiz, P.C.
306 Dartmouth Street, Suite 501
Boston, MA 02116
(617) 338-9400